Lawrence Freeman, Respondent, v. Harold W. Williams et al., Appellants. —In an action by plaintiff to establish a one-half interest in the stock of defendant Lumelite Corporation, of which defendant Williams is alleged to be the sole owner and stockholder, and against defendants Graham and Perper, as collaborators and participators in a conspiracy to deprive plaintiff of his rights, plaintiff moved for a discovery and inspection of the books, records and documents of the Lumelite Corporation, and for an examination before trial of all defendants. Defendants cross moved, pursuant to rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Order modified on the law and the facts by inserting in the first ordering paragraph following the word " denied ", " as to defendants Williams and Lumelite Corporation and granted as to defendants Graham and Perper," without prejudice to plaintiff, within ten days from the entry of the order hereon, serving an amended complaint, if so advised. The order is also modified by eliminating items IX, X and XI from the provision for the examination of Williams and Lumelite; and further modified by striking out the paragraphs directing the examination of Graham and Perper and directing them to produce documents, etc. As so modified, the order is affirmed, without costs. The complaint contains no factual allegations connecting Graham

and Perper with the alleged conspiracy. The dismissal of the complaint as to these defendants requires the denial of any relief granted plaintiff with respect to their examination before trial or the discovery and inspection, and also the denial of items IX and X of the examination with respect to Williams and Lumelite. Item XI is denied on the ground that the facts about which plaintiff seeks to examine defendants are not specific. Carswell, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ., concur.